UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

JUN - 1 2009

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

ROBERT E. HARDESTY,

    Plaintiff,

                                            Civil No. 08-14498
                                            Hon. John Feikens

    v.

THE CITY OF ECORSE, a municipal
corporation, and KEVIN BARKMAN,
in his individual capacity.

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

In this case, Plaintiff Robert E. Hardesty ("Plaintiff") asserts claims of false arrest, false imprisonment, and malicious prosecution against Defendant Officer Barkman ("Officer Barkman"), and deprivation of constitutional rights under 42 U.S.C. § 1983 against Defendants City of Ecorse and Officer Barkman (collectively, the "Defendants"). On April 3, 2009, Defendants filed a Motion for Summary Judgment (the "Motion"). The Motion has been fully briefed by the parties, and a hearing was held on May 18, 2009. For the reasons set forth below, I GRANT Defendants' Motion for Summary Judgment.

### FACTUAL BACKGROUND

On October 6, 2007, Officer Barkman was on patrol in the City of Ecorse. (Barkman

Dep., p. 13). He observed Plaintiff's car traveling at a speed he estimated to be in excess of the 35 miles per hour ("mph") speed limit. Id. at 16. He pulled behind Plaintiff's car and activated his radar which indicated Plaintiff's car was traveling at 47 mph. Id. at 17-18. Officer Barkman then activated his emergency lights in his fully marked police vehicle and attempted to pull over Plaintiff. Id. at 18-19. Officer Barkman testified that he turned on his siren as well, not immediately but before Plaintiff reached the stoplight that was ahead of them. Id. at 19-20. The video of the incident shows which controls were activated in the police vehicle, and shows the emergency lights activated before the stoplight but not the siren. (DVD from police car camera). When watching the video, a short and faint siren is audible immediately before the stoplight. Id. Plaintiff did not pull over, but did stop at a red light. (Barkman Dep., pp. 19-20; Hardesty Dep., p. 24). Plaintiff claims that the siren was not activated at that time. (Resp. To Motion, p. 1). However, the siren automatically shuts off when the police vehicle is in park. (Nov. 8, 2007 Prelim. Exam. Hrg., p. 8.)

At the red light, Plaintiff was stopped in the left lane. Id. Officer Barkman testified that he stopped behind Plaintiff, opened his car door and began to walk to Plaintiff's car. (Barkman Dep., pp. 20-21). The light then turned green, and Plaintiff proceeded through the light. (DVD from police car camera). Officer Barkman got back into his car, and again attempted to pull over Plaintiff. (Barkman Dep., pp. 29-33). His emergency lights were still activated, and he activated or re-activated his siren. Id. The video shows both the emergency lights and the siren activated after the stoplight. (DVD from police car camera). Plaintiff claims that he did not notice the emergency lights until he was going through the stoplight, when he heard the siren. (Hardesty Dep., pp. 25-26). Plaintiff then moved from the left lane to the middle lane to the right lane and

2

pulled into a gas station. (Barkman Dep., pp. 29-33). Plaintiff alleges that the gas station was the first safe place to pull over. (Hardesty Dep., p. 26). Officer Barkman arrested Plaintiff for fleeing and eluding. Id. at 31-32. Plaintiff claims that Officer Barkman twice made reference to Plaintiff's southern heritage. Id. at 33-35.

On November 8, 2007, a preliminary examination was held in state district court on the fleeing and eluding charge. (Nov. 8, 2007 Prelim. Exam. Hrg., pp. 1-17.) After the prosecutor ended her examination of Officer Barkman, Plaintiff's attorney cross-examined Officer Barkman. Id. at 8-14. Officer Barkman testified that he activated both his lights and siren when attempting to pull Plaintiff over before Plaintiff stopped at the red light. Id. The court and counsel also watched the video of the traffic stop. Id. at 9-10. At the end of the hearing, the state court determined that probable cause existed to arrest Plaintiff for fleeing and eluding. Id. at 16. The case was later dismissed because of the failure of Officer Barkman to appear at trial. (Order of Dismissal).

## ANALYSIS

**Summary Judgment Standard**

Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if proof of that fact would establish or refute one of the essential elements of a claim or defense and would affect the application of governing law to the rights and obligations of the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence and any inferences drawn therefrom in a light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## A. Plaintiff Agreed To Dismiss His 42 U.S.C. § 1983 Claim Against Defendant City Of Ecorse

At page 6 of his Response Brief, Plaintiff agreed to dismiss his 42 U.S.C. § 1983 claim against the City of Ecorse. The 42 U.S.C. § 1983 claim against the City of Ecorse is therefore dismissed.

## B. Defendant Officer Barkman Is Entitled To Summary Judgment On Plaintiff's 42 U.S.C. § 1983 Claim

To succeed on a claim under 42 U.S.C. § 1983, Plaintiff must show that Defendant Officer Barkman: 1) acted under color of state law; and 2) deprived Plaintiff of his rights under the U.S. Constitution. Upsher v. Gross Pointe Pub. Sch. Sys., 285 F.3d 448, 452 (6th Cir. 2002). The first element is not in dispute. With respect to the second element, Plaintiff asserts violation of his Fourth and Fourteenth Amendment rights based on allegations of false arrest and false imprisonment. A plaintiff cannot recover for a violation of his constitutional rights arising out of his arrest where probable cause existed for the arrest. Criss v. City of Kent, 867 F.2d 259, 262 (6th Cir. 1998).

First, as discussed below, probable cause existed for the arrest. Even though the state court's probable cause determination does not collaterally estop Plaintiff from relitigating that issue in this case, the facts show that probable cause existed for Plaintiff's arrest.

Second, qualified immunity prevents Plaintiff from pursuing his claims against Officer Barkman.

**1) Probable Cause**

### a) Plaintiff Is Not Collaterally Estopped From Relitigating Probable Cause

Under Michigan law, which applies in this case, collateral estoppel "applies when 1) there is identity of parties across the proceedings, 2) there was a valid, final judgment in the first proceeding, 3) the same issue was actually litigated and necessarily determined in the first proceeding, and 4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding." Darrah v. City of Oak Park, 255 F.3d 301, 311 (6th Cir. 2001) (citing People v. Gates, 434 Mich. 146, 156 (1990)).

In Darrah, the Sixth Circuit held that a finding of probable cause at a prior criminal proceeding does not bar a plaintiff in a subsequent civil action from maintaining an action for malicious prosecution where the plaintiff bases his claim on the police officer's supplying false information to establish probable cause. 255 F.3d at 311. The reason that collateral estoppel does not apply in such circumstances is because the "identity of the issues requirement" is not satisfied. Id. The "state court's determination of probable cause at the preliminary hearing" is not identical to whether the officer "made materially false statements to the state judge that formed the basis of that court's probable cause determination." Id.

In this case, Plaintiff argues that collateral estoppel does not apply because Officer Barkman acted in bad faith, provided false information, and misstated facts at the preliminary examination hearing. Plaintiff has set forth evidence suggesting that Officer Barkman supplied false information to the state court regarding the activation of his siren before the stoplight and his exit from the police car to approach Plaintiff's car at the stoplight. Officer Barkman testified at the preliminary examination that he turned on his emergency lights and activated his siren to stop

5

Plaintiff before the stoplight; however, the video signal control screen indicates that the siren was not activated before the stoplight. Plaintiff also argues that Officer Barkman falsely testified concerning his exit from his police vehicle and his approach of Plaintiff's car at the stoplight, because it is not visible on the video and because Plaintiff did not see Officer Barkman approach his car. Viewing the evidence in the light most favorable to Plaintiff as the nonmovant, Plaintiff has set forth sufficient evidence to preclude the application of collateral estoppel.

### b) The Facts Of This Case Establish Probable Cause.

Officers have probable cause to make a valid arrest if the facts and circumstances within their knowledge at the time of the arrest were sufficient to warrant a prudent man in believing that the plaintiff had committed or was committing an offense. Klein v. Long, 275 F.3d 544, 550 (6th Cir. 2001). MCL 257.602a defines fleeing and eluding and states that a driver "who is given by hand, voice, emergency light or siren, a visual or audible signal by a police...officer...directing the driver to bring his or her motor vehicle to a stop, shall not willfully fail to obey that direction by increasing the speed of the motor vehicle, extinguishing the lights of the motor vehicle or otherwise attempting to flee or elude the officer." Thus, Plaintiff still could have been charged with fleeing and eluding even if Officer Barkman used only his emergency lights.

In Darrah, the Sixth Circuit found that probable cause existed, despite the plaintiff's allegations that the officer provided false information to the state court. The Court found that "regardless of any alleged misinformation provided to the court by Bragg, the state court would have concluded that there was probable cause to arrest Darrah and hold her over for trial." Darrah, 255 F.3d at 312. The Court noted that review of the state court transcript refuted the plaintiff's claim that the alleged misstatement mattered to the state court's probable cause

determination. Id.

Similarly, in this case, probable cause existed for the arrest regardless of Plaintiff's allegations that Officer Barkman provided false information to the state court. Indeed, the state court watched the video which Plaintiff now submits as evidence of Officer Barkman's alleged misstatements. The state court noted that probable cause for the arrest existed, in spite of "a conflict" between the video and testimony. (Prelim. Hrg. Trans. p. 16). Thus, just as in Darrah, the state court would have concluded that there was probable cause regardless of the alleged misinformation provided to the court. Plaintiff cannot (and does not) dispute that the emergency lights were activated well before the stoplight, and that Plaintiff did not pull over until approximately a quarter of a mile after the stoplight. Thus, the facts and circumstances assessed from a reasonable officer on the scene indicate that probable cause existed for arresting Plaintiff for fleeing and eluding. Because probable cause existed, no constitutional right was violated and Plaintiff therefore cannot go forward with his § 1983 claim.

### 2) Defendant Officer Barkman Is Entitled To Qualified Immunity

In Saucier v. Katz, 533 U.S. 194, 200 (2001), the Supreme Court set forth a two-part test for determining whether a defendant is entitled to qualified immunity. The Saucier Court found that the district court should determine: (a) whether the defendant violated a constitutional right; and (b) if a constitutional right was violated, whether the right violated was clearly established. Id. at 201. The burden is on the plaintiff to show that the defendant is not entitled to qualified immunity. Silberstein v. City of Dayton, 440 F.3d 306, 311 (6th Cir. 2006) (citing Barrett v. Steubenville City Schs., 388 F.3d 967, 970 (6th Cir. 2004)). Therefore, if the plaintiff fails to establish either of the two requirements set forth in Saucier, then qualified immunity applies. See

Saucier, 533 U.S. at 201.

In January 2009, in Pearson v. Callahan, 129 S.Ct. 808, 818, the Supreme Court held that the two-part test set forth in Saucier is no longer mandatory. Instead, the Court found that judges should be allowed discretion in deciding which of the two parts of the qualified immunity test to address first, in light of the circumstances of each case. Id. The Supreme Court noted that the Saucier application of the test – first deciding whether a right was violated, and then deciding whether the right was clearly established – is often the appropriate method. Id. In this case, I find that the two-step sequential test set forth in Saucier is the appropriate method.

Thus, this Court must decide whether the plaintiff has set forth facts which, when taken in the light most favorable to him, show that the defendant's conduct violated a constitutional right. Saucier, 533 U.S. at 201. As discussed above, Plaintiff cannot show that Defendant's conduct violated a constitutional right because probable cause for the arrest existed. Thus, Defendant is entitled to qualified immunity.

Second, even if a violation could be made out on a favorable view of the parties' submissions, qualified immunity applies unless the right was clearly established. Id. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. The defendant is therefore entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to arrest the plaintiff. Hunger v. Bryant, 502 U.S. 224, 228 (1991); see also Saucier, 533 U.S. at 208 (finding "[a] reasonable officer in petitioner's position could have believed that [his action] was within the bounds of appropriate police responses."). Officer Barkman's attempts to pull over Plaintiff by activating his emergency lights

are undisputed, and Officer Barkman's use of the siren after the stoplight is undisputed. Under the circumstances present in this case, a reasonable officer could have believed that he had probable cause to arrest Plaintiff for fleeing and eluding and that his actions were lawful. Therefore, even if Plaintiff could show an absence of probable cause, Officer Barkman is still entitled to qualified immunity.

## C. Defendant Officer Barkman Is Entitled To Summary Judgment On Plaintiff's Intentional Tort Claims

### 1) Plaintiff's Intentional Tort Claims Against Officer Barkman Are Barred By Governmental Immunity.

In Odom v. Wayne County, 482 Mich. 459, 461 (2008), the Michigan Supreme Court held that individual governmental employees are immune from liability for intentional torts if the employee satisfies the test set forth in Ross v. Consumers Power Co., 420 Mich. 567, 633-34 (1984). Under Ross, the defendant must show that: 1) the acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority; 2) the acts were undertaken in good faith, or were not undertaken with malice; and 3) the acts were discretionary as opposed to ministerial. Id.

In this case, 1) Officer Barkman was acting during the course of his employment and within the scope of his authority; 2) there is no evidence that the alleged acts were not undertaken in good faith or that Defendant acted with malice; and 3) the acts were discretionary. See Odom, 482 Mich. at 476 (probable cause determination by an officer is discretionary). Plaintiff argues that Officer Barkman acted without good faith and with malice due to his alleged reference to Plaintiff's southern heritage. In Odom, the court discussed prior Michigan case law making lack of good faith determinations and cited the following descriptions for a lack of good faith:

9

"'malicious intent, capricious action or corrupt conduct'"; "'wanton misconduct'"; and "'reckless indifference to the common dictates of humanity'". Id. at 474-75 (additional citations omitted). In this case, Officer Barkman's alleged reference to Plaintiff's southern heritage does not rise to the level required to establish lack of good faith or malice as required by Odom. Therefore, Officer Barkman is entitled to governmental immunity with respect to Plaintiff's intentional tort claims.

### 2) Plaintiff Cannot Establish Claims of False Arrest, False Imprisonment, or Malicious Prosecution Because Probable Cause Existed.

Even if Officer Barkman was not entitled to governmental immunity, Plaintiff's intentional tort claims fail because Plaintiff cannot establish all of the necessary elements for his claims of false arrest, false imprisonment, or malicious prosecution.

To establish a claim for false arrest, false imprisonment, or malicious prosecution, Plaintiff must show the absence of probable cause. Brewer v. Perrin, 132 Mich. App. 520, 527 (1984) (false arrest and false imprisonment); Young v. Barker, 158 Mich. App. 709, 721 (1987) (malicious prosecution). Because, as discussed above, Officer Barkman had probable cause to arrest Plaintiff, Plaintiff's intentional tort claims cannot stand.

### D. Plaintiff's Counsel's Rule 56(f) Affidavit Does Not Prevent The Court From Ruling On Defendants' Motion For Summary Judgment

Plaintiff's counsel attached a Rule 56(f) affidavit to Plaintiff's Response to Defendants' Motion for Summary Judgment. Rule 56(f) provides that a party opposing a motion for summary judgment may show by affidavit that, "for specified reasons, it cannot present facts essential to justify its opposition" and the court may then deny the motion, enter a continuance, or issue any other order. In this case, Plaintiff's affidavit does not provide specific reasons why he cannot

present facts essential to justify his opposition. Plaintiff simply states that discovery is outstanding and that the materials sought "may assist Plaintiff in defeating this motion for summary judgment filed by Defendants." (Sklar Aff., ¶ 4). The only discovery identified by Plaintiff in the affidavit is "policy procedure manuals" and Plaintiff does not explain why such materials are critical to his opposition to the Motion. Id. Therefore, I do not see any reason to delay a decision on Defendants' Motion for Summary Judgment.

## CONCLUSION

For the aforementioned reasons, I GRANT Defendants' Motion for Summary Judgment and dismiss the case.

**IT IS SO ORDERED.**

Date:  **June 1, 2009**                         *John Feikens*

United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on June 1, 2009, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager